# NO. 12-24-00160-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CANDICE HILBURN,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 1* |
| *LARRY KELLUM,*<br>*APPELLEE* | § | *JOHNSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 42.3(c).

Candice Hilburn, acting pro se, filed a notice of appeal on May 22, 2024. On May 28, the Clerk of this Court notified Appellant that the notice of appeal failed to contain the information specifically required by appellate Rule 9.5 and Section 51.017(a) of the Texas Civil Practice and Remedies Code.[2] *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record). The notice warned that, unless Appellant filed a proper notice of appeal on or before June 7, the appeal would be referred to the Court for

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.); *see Mount v. Escondido Village, LLC*, No. 10-12-00300-CV, 2022 WL 3453375, at *1 (Tex. App.—Waco Aug. 17, 2022, no pet.) (mem. op.).

dismissal. This deadline passed and Appellant has not filed a compliant notice of appeal or other response to this Court's notice.

Because Appellant failed, after notice, to comply with Section 51.017(a), the appeal is ***dismissed***.[3] *See* TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered June 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] We also note that Appellant has not (1) filed the required docketing statement or (2) paid the applicable filing fee or otherwise shown she is excused from paying the fee. *See* TEX. R. APP. P. 32.1. (docketing statement); *see also* TEX. R. APP. P. 5 (fees in civil cases); TEX. R. APP. P. 20.1 (when party is indigent).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-24-00160-CV**

**CANDICE HILBURN,**
Appellant
V.
**LARRY KELLUM,**
Appellee

Appeal from the County Court at Law No 1

of Johnson County, Texas (Tr.Ct.No. CC-C20240144)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*